**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Troy E. Brooks</u>

    v.                                                        Case No. 21-cv-610-JL

<u>Governor Christopher T. Sununu</u>

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, Troy E. Brooks, asserts that the defendant, New Hampshire Governor Christopher Sununu, has violated Mr. Brooks's rights under the United States Constitution, federal criminal law, and the Americans with Disabilities Act ("ADA").  <u>See</u> Compl. (Doc. No. 1); <u>see also</u> Compl. Addendum (Doc. No. 9).[1] Because Mr. Brooks is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  Also before the court for consideration and a recommendation as to disposition are the following motions Mr. Brooks has filed in this matter:

- "Motion for Temporary Restraining Order" (Doc. No. 5);

- "Pretrial Motion/Question of Law" (Doc. No. 7); and

- "Motion for Interlocutory Transfer Without Ruling to SCOTUS" (Doc. No. 8).

---

[1] In addition to the assertions in Mr. Brooks's complaint documents (Doc. Nos. 1, 9), the court has considered all of the factual assertions asserted in his pending motions (Doc Nos. 3-8, 10) in conducting its preliminary review of the complaint.

**Background**

Mr. Brooks's filings, standing alone, do not provide a clear narrative of the facts underlying his claims. Reading the complaint documents generously, and considering published judicial opinions and court documents of which the court may properly take judicial notice, the court finds that Mr. Brooks has asserted the following facts.

In the early to mid-1990s, Mr. Brooks was engaged in a custody dispute concerning a child born in 1993. See Brooks v. N.H. Sup. Ct., 80 F.3d 633, 635 (1st Cir. 1996). The child's mother, Erica Bodwell, was an attorney. In response to events which occurred during the custody proceedings, Mr. Brooks filed complaints with the New Hampshire Supreme Court ("NHSC") Attorney Disciplinary Committee ("ADC") against several attorneys, including Attorney Bodwell. Mr. Brooks then attempted to use information from the ADC proceedings in the custody dispute. At that time, under NHSC Rule 37(17)(a), the information he sought to use from the ADC proceedings was confidential and protected from such disclosure. See N.H. Sup. Ct. R. 37(17)(a) (1984).

In 1995, Mr. Brooks filed a petition in the NHSC, invoking that court's original jurisdiction, challenging the constitutionality of NHSC Rule 37(17)(a). See In re Brooks, No. SMC-95-001 (N.H.); In re Brooks, 140 N.H. 813, 815, 678 A.2d

140, 141 (1996). For a period of time in 1995, Attorney Anne Edwards, who was then employed by the Sullivan & Gregg law firm in Nashua, New Hampshire, represented Mr. Brooks in his action before the NHSC. It seems that representation occurred sometime after Mr. Brooks filed that matter pro se in January 1995 and before Attorney Cobbin appeared as counsel for Mr. Brooks in that case sometime after March 1, 1995.[2] Attorney Edwards is now employed at the Office of the New Hampshire Attorney General ("NHAG").

Also in 1995, Mr. Brooks filed an action in this court, Brooks v. N.H. Sup. Ct., No. 95-166-M (D.N.H. filed Mar. 31, 1995), again challenging the constitutionality of NHSC Rule 37(17)(a). See Brooks, 80 F.3d at 636. Attorneys from the NHAG represented the NHSC in that case.

---

[2] Mr. Brooks, proceeding pro se, filed his initial petition in the NHSC in In re Brooks, No. SMC-95-001 (N.H.), on January 11, 1995. See Brooks v. N.H. Sup. Ct., No. 95-166-M (D.N.H.) (Docket No. 1, Ex. 1). On March 1, 1995, another party in that NHSC case served Mr. Brooks by sending a copy of a filing to Attorney Edwards at Sullivan & Gregg. See id. (Docket No. 1, Ex. 4). Then, sometime after March 1, 1995, Attorney Phillip Cobbin appeared on behalf of Mr. Brooks in the NHSC case, and also appeared for Mr. Brooks on June 1, 1995 in the case Mr. Brooks had filed in the District of New Hampshire, see id. (Docket No. 8).

**Discussion**

I. Preliminary Review

   A. Standard

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In considering whether a pro se complaint states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e); LR 4.3(d)(2).

   B. Claims Concerning Attorney Edwards

In this action, Mr. Brooks asserts that Governor Sununu, acting by and through the NHAG, has violated his rights by preventing him from accessing certain information which was a matter of attorney-client privilege between Mr. Brooks and Attorney Edwards in 1995, during the brief period during which

4

she appears to have represented him in In re Brooks, No. SMC-95-001. Mr. Brooks further asserts that Attorney Edwards has "refus[ed] to explain her writings in 350 docket entries." Doc. No. 1, at 4. As evidence of Governor Sununu's interference with his rights, Mr. Brooks points to a letter he received from Jennifer Smith, the Director of Citizen Services in Governor Sununu's office, responding to a request for the Governor's assistance in contacting Attorney Edwards. Ms. Smith's letter states that Mr. Brooks's request pertained to "a private legal matter, and one that our office and Atty. Edwards are not in a position to assist you with." Doc. No. 1-1. Ms. Smith's letter suggests that Mr. Brooks seek private legal counsel to help him. See id.

Attorney Edwards is not currently representing Mr. Brooks, and it does not appear that she has represented him in more than twenty-five years. Attorney Edwards's employment with the NHAG could prevent her from providing legal assistance or services to Mr. Brooks at this time. Attorney Edwards is under no present obligation to provide legal services or advice to Mr. Brooks, as she is not presently his attorney. For these reasons, Mr. Brooks has not identified any right which has been inhibited by Governor Sununu's failure to provide assistance to Mr. Brooks with regard to contacting Attorney Edwards. As Mr. Brooks has alleged no other acts or omissions by the Governor which would

give rise to any claim for relief in this Court, the District Judge should dismiss Mr. Brooks's claims concerning Attorney Edwards, for failure to state a claim upon which relief might be granted.

### C. Claims Concerning Criminal Conduct

Mr. Brooks claims that Governor Sununu and other individuals have committed the federal crimes of obstruction of justice, conspiracy, embracery, and misprison of felony. However, "[p]rivate citizens lack[] a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advert'd Price Antitr. Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (internal quotation marks omitted). Because Mr. Brooks cannot state a private cause of action based on the alleged violation of criminal laws by the Governor or anyone else, the District Judge should dismiss those claims.

### D. ADA Claim

Mr. Brooks asserts that he is a disabled veteran, and he cites the ADA as providing him with a cause of action in this case. Mr. Brooks has not asserted any facts to demonstrate that he has been discriminated against because of his disability, or

6

that he has otherwise been treated in a manner that violates that law.  Accordingly, the District Judge should dismiss Mr. Brooks's ADA claims.

II.  Motions

    A.  Motion for TRO (Doc. No. 5)

Mr. Brooks has asked the court to issue a temporary restraining order ("TRO") enjoining the ADC from harassing him, conspiring against him, or committing any crimes, and preventing that body from acting on any outstanding attorney disciplinary complaints filed by Mr. Brooks.  He also asks this court to issue an order either providing him with certain information or directing others to provide information to him.

    1.  Rule 65(b) – TRO

Rule 65(b)(1) states that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>     (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>     (B) the movant's attorney [or the movant proceeding pro se] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "'[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, [t]o obtain ex parte relief, a party must strictly comply with those requirements." Woodard-CM, LLC v. Sunlord Leisure Prods., Inc., Case No. 20-23104-CIV-WILLIAMS, 2020 U.S. Dist. LEXIS 173105, at *2, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020).  Mr. Brooks has not demonstrated that he has attempted to notify the defendant named in this case or verified by affidavit or otherwise, or that "immediate and irreparable" harm would accrue to him if he were not heard prior to giving such notice. Accordingly, the District Judge should deny Mr. Brooks's motion for a TRO (Doc. No. 5).

2. Rule 65(a) – Preliminary Injunction

To the extent Mr. Brooks's request for a TRO or injunctive relief may be construed as a motion for a preliminary injunction asserted under Rule 65(a), he "'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted). The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13,

18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

Mr. Brooks has failed to state any claim upon which relief might be granted. Accordingly, he has failed to demonstrate that he is likely to succeed on any claim asserted in this action.

Further, much of the information Mr. Brooks seeks concerns information that has existed in the public dockets of various courts for more than twenty-five years. Nothing in Mr. Brooks's filings provides any basis for this Court to find that any irreparable harm will occur if the court fails to issue the requested injunction. For these reasons, to the extent Mr. Brooks is seeking a preliminary injunction, the District Judge should deny that motion.

### B.   Pretrial Motion/Question of Law (Doc. No. 7)

Mr. Brooks asks the court to resolve, as a matter of law, whether one's rights as a father accrue from the time of his child's conception or from the time of that child's birth. That question is not properly before the court at this time, as it has no bearing on whether Governor Sununu violated Mr. Brooks's rights. The District Judge, therefore, should decline to provide what amounts to an advisory opinion and deny the motion (Doc. No. 7).

### C. Interlocutory Transfer to SCOTUS (Doc. No. 8)

Mr. Brooks has asked this court to transfer this matter to the United States Supreme Court. Under certain circumstances, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The United States Supreme Court is a court of limited jurisdiction. Only under particular circumstances, not present here, may a party invoke the Supreme Court's jurisdiction. See, e.g., 28 U.S.C. §§ 1251, 1253, 1254, 1257(a). The Supreme Court does not have jurisdiction to hear this case at this time. This court cannot transfer this action to the Supreme Court, as the matter could not have been brought in that court at the time it was filed here. See 28 U.S.C. § 1404(a). Accordingly, the District Judge should deny the motion for transfer (Doc. No. 8).

### Conclusion

For the foregoing reasons, the District Judge should:

1. deny Mr. Brooks's motions: for a TRO (Doc. No. 3), for a ruling on a question of law (Doc. No. 7), and to transfer this case to the United States Supreme Court (Doc. No. 8);

2. dismiss this case in its entirety for failure to state a claim; and

10

3.  direct the clerk's office to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 30, 2021

cc: Troy E. Brooks, pro se